IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARLTON NOBLES,**

    Petitioner,

vs.                                         Case No. 4:12cv466-RH/CAS

**STATE OF FLORIDA, Secretary,**
**Department of Corrections,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DENY § 2254 PETITION**

    On September 7, 2012, Petitioner Carlton Nobles, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supporting memorandum. Docs. 1 and 2. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit, Leon County, in December 2009, following a jury trial. Doc. 1. Respondent filed an answer to the petition on November 15, 2013, with exhibits. Doc. 27. Petitioner filed a reply on November 20, 2013. Doc. 28.

    The matter was referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of

Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show that the petition should be denied.

## Background and Procedural History

By amended information filed December 7, 2009, in the Second Judicial Circuit, Leon County, in case number 08-CF-4284, the State of Florida charged Petitioner Carlton Nobles with three counts in connection with events that took place on December 10, 2008: (1) burglary of a dwelling, a second degree felony, in violation of section 810.02(3)(b), Florida Statutes; (2) grand theft, a third degree felony, in violation of section 812.014(2)(d), Florida Statutes; and (3) dealing in stolen property, a second degree felony, in violation of section 812.019(1), Florida Statutes.  Doc. 27 Ex. C; *see id.* Exs. A (information filed December 23, 2008), B (information filed April 3, 2009).  Petitioner proceeded to a jury trial on December 11, 2009.  *See id.* Ex. D; Doc. 1 at 2.  Petitioner testified in his defense.  *See* Doc. 1 at 2.  The jury found him guilty as charged on the first and third counts.  *Id*. Ex. D.  The state trial court adjudicated him guilty and, on January 13, 2010, sentenced him, as a prison releasee reoffender (PRR), to fifteen (15) years in prison on Count 1, and a concurrent term of fifteen (15) years on Count 3, with credit for time served in jail.  *Id*. Ex. E.

Petitioner timely appealed his judgment and sentence to the First District Court of Appeal (DCA), and that court affirmed the case, 1D10-413, without an opinion on

August 16, 2011.  *Id*. Ex. F; *see* <u>Nobles v. State</u>, 72 So. 2d 753 (Fla. 1st DCA 2011) (table).  The mandate issued November 1, 2011.  Doc. 27 Ex. G.

On November 28, 2011, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court.  Doc. 27 Ex. H.  The state post-conviction trial court summarily denied the motion by order rendered April 11, 2012.  *Id.* Ex. I.   Petitioner appealed to the First DCA and filed an Initial Brief, in case number 1D12-2094.  *Id*. Ex. L.  The State did not file an Answer Brief.  *See* online docket for 1D12-2094 at www.1dca.org.  The First DCA affirmed the case without an opinion on August 8, 2012.  *Id*. Ex. J; *see* <u>Nobles v. State</u>, 95 So. 3d 219 (Fla. 1st DCA 2012) (table).  The mandate issued September 5, 2012.  Doc. 27 Ex. K.

As indicated above, Nobles filed his pro se § 2254 petition in this Court on September 7, 2012.  Doc. 1.  In his petition, Nobles raises four grounds:

> (1) "NAME NOT IN COUNTS."  Doc. 1 at 4.  In support, Nobles states that, on December 7, 2009, a three-count Information was filed "in which no one was named in any of the counts concerning the crimes stated."  *Id*.
>
> (2) "FUNDAMENTAL ERROR – STATE USED UNCHARGED OFFENSES TO QUALIFY NOBLES AS P.R.R."  *Id*.  In support, Nobles states, "In Case No. 02-CF-0386 and 04-CF-4088 in which Nobles was never charged, because Nobles' name does not appear in any of the counts and the Court lacked jurisdiction in personam."  *Id*.
>
> (3) "INEFFECTIVE ASSISTANCE OF COUNSEL."  *Id*.  In support, Nobles states that his trial counsel failed "to move/correct misleading jury instruction prejudiced defense, because jury was misled that they had to return a verdict of the highest offense out of theft and dealing in stolen property."  *Id*. at 5.

Each ground is analyzed below.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings,

which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

## Ground 1: Charging Information

In his first ground, Nobles alleges the charging information was defective because it failed to name him, or anyone else, as charged with a crime. Doc. 1 at 4. Nobles raised this claim in state court as the first ground of his Rule 3.850 motion, which the state post-conviction court denied, making the following findings:

> Defendant alleges that the Court lacked jurisdiction to try him for the offenses because he was not specifically named in each individual count of the charging document. To the contrary, the charging document charges Defendant with each offense, following the requirements set forth in Florida Rule of Criminal Procedure 3.160. Fla. R. Crim. P. 3.160. In the Amended Information filed Dec. 7, 2009, although Defendant's name does not appear in each separate count, his name appears in the style of the case and the first paragraph refers to "the above-named defendant" being charged with the offenses, which are then listed separately. *Exh. 1 - Amended Information*. Generally, "[a]n information is fundamentally defective only when it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy." *State v. Burnette*, 881 So. 2d 693, 694-95 (Fla. 1st DCA 2004). The information in the instant case is not defective, precluding any jurisdictional issue. Ground One is denied.

Doc. 27 Ex. I at 33. Nobles challenged, on appeal, the court's denial of this claim and the First DCA per curiam affirmed the case. *Id*. Exs. J (per curiam affirmance), L (pro se Initial Brief). Respondent asserts this ground involves purely a state law issue and lacks merit. Doc. 27 at 5-7.

A review of the record supports the state post-conviction court's findings, denying this claim. The record contains copies the amended information. Doc. 27 Ex. C; *see id.* Exs. A (information) and B (amended information). The document identifies the Petitioner, Carlton Nobles, as the Defendant in the case and includes, in the caption, the Petitioner's name, race and gender, date of birth, and Social Security number. Doc. 27 Ex. C. The amended information charges "the above-named defendant" with three counts:

> COUNT I: On or about December 10, 2008, did unlawfully enter or remain in a structure located at 1831 Larette Drive, the dwelling of Joshua Briscoe and/or Stefanie Goodson, with intent to commit the offense of theft or some offense therein, contrary to Section 810.02(3)(b), Florida Statutes.
>
> COUNT II: On or about December 10, 2008, did knowingly obtain, use, or did endeavor to obtain or to use computers, modem, picture frames, jewelry, DVD's, and/or clothing, of the value of $100 or more from a dwelling or from the unenclosed curtilage of a dwelling, the property of Joshua Briscoe and/or Stefanie Goodson, with the intent to either temporarily or permanently deprive the other person of a right to the property or a benefit therefrom or to appropriate the property to his or her own use or to the use of any person not entitled thereto, contrary to Section 812.014(2)(d), Florida Statutes.
>
> COUNT III: On or about December 10, 2008, did unlawfully traffic in or did endeavor to traffic in DVD's, the property of Stefanie Goodson and/or Sue Deshotel which the defendant knew or should have known was stolen, contrary to Section 812.019(1), Florida Statutes.

*Id.* This information thus identified Nobles as the defendant, set forth the charged crimes and essential facts, cited the statutes he allegedly violated, and was not "so vague, indistinct, and indefinite as to mislead the accused and embarrass him . . . in the preparation of a defense or expose the accused after conviction or acquittal to

substantial danger of a new prosecution for the same offense." Fla. R. Crim. P. 3.140(o); see Carbajal v. State, 75 So. 3d 258, 262-63 (Fla. 2011) (citing Rule 3.140(o) and explaining that "while a charging instrument is essential to invoke the circuit court's subject matter jurisdiction, 'defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and were all the elements of the crime in question are proved at trial'" (quoting State v. Gray, 435 So. 2d 816, 818 (Fla. 1983))).

Moreover, to the extent Petitioner asserts the state court erred in any decision concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); accord, e.g., McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). See also, e.g., Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) ("The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction. That is not the case presented here. An examination of the indictment . . . shows that it incorporated the elements of the offense of armed robbery, named the complaining witness and sufficiently described the circumstances of the alleged robbery. The

indictment was not fatally defective, for it adequately informed Heath of the charge he was called upon to defend, and the state trial court was not deprived of jurisdiction.").

Based on the foregoing, Nobles has not shown the state courts' rulings rejecting his claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). Nobles is not entitled to federal habeas relief, and this ground should be denied.

## Ground 2: PRR Sentencing

In his second ground, Nobles alleges he was improperly sentenced as a PRR based on prior convictions in cases 02-CF-3806 and 04-CF-4088, because his name does not appear in the counts of the charging informations in those cases and, therefore, the court lacked in personam jurisdiction. Doc. 1 at 4. Nobles raised this claim in state court as the second ground of his Rule 3.850 motion, which the state post-conviction court denied, making the following findings:

> Defendant next alleges that he was convicted of uncharged crimes in the two cases used to qualify him for PRR designation on Count 1 (Leon County case numbers 2002CV3806 and 2004CF4088) because his name was left out of the individual counts listed in the charging document for each case. He requests that these two convictions be set aside. Defendant cannot bootstrap a challenge to his convictions in the two Leon County cases onto a postconviction claim raised in the instant case. To the extent Defendant wishes to attack the convictions underlying his PRR designation, he must do so in a motion filed in those cases. Ground Two is denied without prejudice to raise the claim in the appropriate cases.

Doc. 27 Ex. I at 33. Nobles challenged, on appeal, the court's denial of this claim and the First DCA per curiam affirmed the case. *Id*. Exs. J (per curiam affirmance), L (pro se Initial Brief). Respondent asserts this ground involves purely a state law issue and lacks merit. Doc. 27 at 7-10.

As the state post-conviction court found, any challenge to Nobles' earlier convictions should have been presented in a motion filed in those cases. Further, as Respondent indicates, as with Ground 1, Nobles' challenge to the charging documents in those underlying cases presents purely a question of state law. Moreover, Respondent provides, in the Exhibits to the Answer, copies of those informations. Doc. 27 Exs. M (Information in 02-CF-3806), N (Information in 04-CF-4088). Review thereof reflects, as with the charging information in this case, they identify Nobles as the defendant, indicate his race, gender, and social security number in the caption, and then set forth the charged crimes and essential facts, citing the statutes he allegedly violated. Doc. 27 Exs. M (Information in 02-CF-3806), N (Information in 04-CF-4088). *See* Fla. R. Crim. P. 3.140.

Based on the foregoing, Nobles has not shown the state courts' rulings rejecting this claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). Nobles is not entitled to federal habeas relief, and this ground should be denied.

## Ground 3: Ineffective Assistance of Counsel

In his third ground, Nobles asserts trial counsel rendered ineffective assistance by failing to object and seek to correct a misleading jury instruction, and this prejudiced the defense because the jury was misled "that they had to return a verdict of the highest offense out of theft and dealing in stolen property." Doc. 1 at 5. Nobles raised this as the third claim in his Rule 3.850 motion filed in and denied by the state post-conviction trial court. See Doc. 27 Exs. H at 8-10 (motion), I (order denying motion).

As Respondent indicates, Nobles did not exhaust this claim in state court because he did not challenge the denial of it in his appeal to the First DCA. See Doc. 27 at 10-11; Doc. 27 Ex. L (pro se Initial Brief). Nobles has not shown cause and prejudice or a fundamental miscarriage of justice; accordingly, this ground is procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."); see also, e.g., McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (explaining exhaustion requirement: "[T]o ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."); Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (explaining "[a] federal court may still address the merits of a

Case No. 4:12cv466-RH/CAS

procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation" or if fundamental miscarriage of justice exists because "'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986))).

Even assuming the ground was exhausted, or that Nobles has otherwise shown it should be addressed, this claim lacks merit. In Strickland v. Washington, the U.S. Supreme Court adopted a two-part test for such claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Id.

In this case, the state post-conviction court explained the Strickland standard and denied this IAC claim, making the following findings:

> Defendant alleges ineffective assistance of counsel for failure to object and move to correct a misleading jury instruction given pursuant to section 812.025, which provides that a defendant may be charged in an

information with both theft and dealing in stolen property, but the trier of fact may return a guilty verdict only on one or the other. § 812.025, Fla. Stat. The applicable instruction was read by the Court as follows:

> Florida law allows the State to charge the defendant with both dealing in stolen property and theft under the circumstances in this case. However, Florida law does not allow a conviction for both charges when they arise out of one course of conduct.
>
> If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt. The highest offense when you're considering the dealing in stolen property and the theft is the dealing in stolen property. If you find that no offense has been proven beyond a reasonable doubt, then of course your verdict must be not guilty.
>
> *Exh. 2 - Trial Trans., p. 281.*

Defendant asserts that the Court misstated the law when it instructed "[i]f you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt," and instead should have tracked the language of section 812.025 by merely instructing the jury that they could "return a guilty verdict on one or the other, but not both, of the counts." Defendant is correct that a trial court's failure to instruct a jury on the limitation set forth in section 812.025 is error, but no such error occurred here. *Blackmon v. State*, 58 So. 3d 343, 345 (Fla. 1st DCA 2011); *Aversano v. State*, 966 So. 2d 493, 496 (Fla. 4th DCA 2007). The reference to a verdict "for the highest offense which has been proven beyond a reasonable doubt" is a direct quote from Standard Jury Instruction 3.12 regarding verdicts and has nothing to do with section 812.025. Fla. Std. Jury Instr. (Crim.) 3.12.

This issue was discussed at length during the charge conference. *Exh. 2 at 242-48*. Both parties agreed with the trial court's determination that a special instruction was necessary to convey the requirements of section 812.025. *Id.* The trial court explained that in drafting the special instruction, she combined the statutory language of section 821.025 with the language of the standard verdict jury instruction, and included an advisement that the highest offense of the two was dealing in stolen property. *Exh. 1 at 246-47.* Accordingly, there was no reason for counsel to object to this jury instruction or attempt to correct it. Defendant has not shown deficient performance on the part of counsel. Ground Three is denied.

Doc. 27 Ex. I at 34-35.

The state post-conviction trial court's rulings, affirmed on appeal without opinion, are entitled to deference and are supported by the record. See Wright v. Sec'y of Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002). A review of pertinent portions of the trial transcript reflects support for the state post-conviction trial court's findings. See Doc. 27 Ex. I at 41-48. As that court explained, the trial court in this case instructed the jury, in accordance with the limitation contained in section 812.025, Florida Statutes, that Nobles could be convicted of either dealing in stolen property (Count 3) or theft (Count 2), the highest offense proven beyond a reasonable doubt, or neither if no offense had been proven beyond a reasonable doubt. See id. at 48; cf. Blackmon, 58 So. 3d at 345; Aversano, 966 So. 2d at 496. The jury returned a guilty verdict on only one of the two charges, dealing in stolen property (Count 3). Doc. 27 Ex. D.

Based on the foregoing, Nobles has not shown the state courts' rulings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(1)-(2). This ground should be denied.

## Conclusion

For the reasons stated above, Nobles has not shown entitlement to habeas corpus relief. Accordingly, the § 2254 petition (Doc. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts  provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 1) be **DENIED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

Case No. 4:12cv466-RH/CAS

IN CHAMBERS at Tallahassee, Florida, on October 29, 2014.

                                      s/ Charles A. Stampelos
                                      **CHARLES A. STAMPELOS**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.